IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEVON BENTLEY, | ) |
|          Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:19-cv-506 |
| LEADERS MOVING COMPANY, | ) |
|          Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Levon Bentley, for his Complaint against Defendant, Leaders Moving Company ("LMC"), and state the following:

### I. Parties

1. Plaintiff is a resident of Marion County, Indiana.

2. Defendant, Leaders Moving Company is a business located in Indianapols, Indiana.

### II. Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

8. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

9. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

10. Plaintiff began working for Defendant on April 11, 2-18.

11. Plaintiff was an hourly employee of Defendants.

12. At hiring, Defendant agreed to pay Plaintiff $14.00 per hour.

13. Defendant hired Plaintiff as a crewman.

14. Defendant paid Plaintiff on a bi-weekly basis.

15. Defendant lowered the hourly rate of Plaintiff from $14.00 to $12.00 without any notice to Plaintiff.

16. Defendant owes Plaintiff for the underpaid wages.

17. Defendant owes Plaintiff for the wages for the last day that he worked.

18. Plaintiff earned vacation wages while working for Defendant.

19. Defendant failed to pay Plaintiff his earned, unused vacation wages upon his separation of employment.

20. Defendant deducted monies from the wages of Plaintiff for purposes not permitted by the Wage Deduction Statute.

21. Plaintiff complained about not being paid at the correct rate of pay.

22. Plaintiff complained about not being paid overtime wages in the correct amount.

23. Plaintiff was fired by Defendant on November 12, 2018.

24. Defendant fired Plaintiff in retaliation for complaining about not being paid overtime wages correctly.

25. Defendant did not have a good faith basis for failing to pay Plaintiff his regular and overtime wages at time and a half.

26. The wage claim of Plaintiff was referred to counsel for Plaintiff by the Attorney General's Office in conjunction with the Department of Labor on December 20, 2018.

### III.   Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

27. Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28. Plaintiff was an employee of Defendant pursuant to the FLSA.

29. Plaintiff's work for Defendant involved interstate commerce.

30. Defendant is an employer pursuant to the FLSA.

31. Defendant had gross revenues of at least $500,000.00 for the 2017 calendar year.

32. Defendant had gross revenues of at least $500,000.00 for the 2018 calendar year.

33. Defendant willfully failed to properly pay all overtime premiums at the correct rate.

34. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II**
**Indiana's Minimum Wage Statute**
**Alternative Claim**

35. Plaintiff incorporates paragraphs 1 through 34 by reference herein.

36. Plaintiff was an employee of Defendant pursuant to Indiana's Minimum Wage Statute.

37. Defendant is an employer pursuant to Indiana's Minimum Wage Statute.

38. Defendant failed to properly pay overtime wages for all hours over 40 hours in a workweek that Plaintiff worked during the course of his employment with Defendant.

39. Defendant's violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Wage Payment Statute, I.C. §22-2-5 *et. seq.*

40. Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41. Defendant is an employer pursuant to the Wage Payment Statute.

42. Plaintiff was an employee of Defendant.

43. Defendant failed to pay Plaintiff his wages due and owing in a timely fashion.

44. Defendant failed to pay Plaintiff his wages due and owing in the correct amount.

45. Plaintiff has been damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count IV
### Wage Claims Statute, I.C. §22-2-9 *et. seq.*

46. Plaintiff incorporates paragraphs 1 through 45 by reference herein.

47. Defendant is an employer pursuant to the Wage Claims Statute.

48. Plaintiff was an employee of Defendant.

49. Defendant failed to pay Plaintiff her wages due and owing in a timely fashion.

50. Defendant failed to pay Plaintiff her wages due and owing in the correct amount.

51. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count V
### Retaliation – Wrongful Termination
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

52. Plaintiff incorporates paragraphs 1 through 51 by reference herein.

53. Defendant terminated Plaintiff for complaining about not getting paid at the correct amount for overtime hours that he worked for Defendant.

54. Defendant's violation of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV. Jury Demand

55. Plaintiff incorporates paragraphs 1 through 54 by reference herein.

56. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Lavon Bentley

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com